**LLOYD A. FRY ROOFING COMPANY, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 14018.

United States Court of Appeals, Ninth Circuit.

March 22, 1955.

Roth & Bahrs, San Francisco, Cal., St. Sure & Moore, Oakland, Cal., for petitioner.

George J. Bott, Gen. Counsel, David P. Findling, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Frederick U. Reel and Alan R. Waterstone, Attys., N.L.R.B., Washington, D. C., for respondent.

Before BONE, ORR and POPE, Circuit Judges.

PER CURIAM.

On January 10, 1955, a decree enforcing an order of the National Labor Relations Board, hereafter the Board, dated June 17, 1953, was entered by this court. On October 13, 1954, this court rendered

an opinion, 216 F.2d 273, 276, on the petition of the Board for enforcement of its order wherein it was ordered that the order of the Board be modified "in accordance with the views expressed in this opinion".

Respondent Lloyd A. Fry Roofing Company, has filed objections to the form of the decree entered January 10, 1955. We think the objections are well taken and the said decree of January 10, 1955, is ordered amended so as to read:

1. Cease and desist from:

(a) Unilaterally changing working conditions and thereby refusing to bargain collectively in good faith with Miscellaneous and Woodworkers Union, Local 2565, as the exclusive representative of all employees in the appropriate unit with respect to rates of pay, wages, hours of employment, and other conditions of employment.

(b) In any like or related manner interfering with, restraining, or coercing its employees in the exercise of the right to self-organization to form labor organizations, to join or assist Miscellaneous and Woodworkers Union, Local 2565, or any other labor organization, to bargain collectively through representatives of their own choosing, to engage in concerted activities for the purpose of collective bargaining or other mutual aid or protection, or to refrain from any or all such activities, except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment as authorized in Section 8(a) (3) of the National Labor Relations Act, as amended, 29 U.S.C.A. § 158(a) (3).

2. Take the following affirmative action which the National Labor Relations Board has found will effectuate the policies of the National Labor Relations Act, as amended, 29 U.S.C.A. § 151 et seq.:

(a) Post at its plant in San Leandro, California, copies of the notice attached hereto and marked Appendix A. Copies of said notice to be furnished by the Regional Director for the Twentieth Region of the National Labor Relations Board, San Francisco, California, after being duly signed by petitioner's authorized representative, shall be posted by petitioner immediately upon receipt thereof and maintained by it for sixty (60) consecutive days thereafter in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by petitioner to insure that said notices are not altered, defaced or covered by any other material.

(b) Notify said Regional Director in writing within ten (10) days from the date of this decree what steps the petitioner has taken to comply herewith.

Appendix A
Notice To All Employees
Pursuant to

A Decree of the United States Court of Appeals enforcing, as modified an order of the National Labor Relations Board, and in order to effectuate the policies of the National Labor Relations Act, as amended, we hereby notify our employees that:

We will not by unilaterally changing working conditions, or in any like or related manner, interfere with, restrain, or coerce our employees in the exercise of the right to self-organization, to form labor organizations, to join or assist Miscellaneous and Woodworkers Union, Local 2565, United Brotherhood of Carpenters and Joiners of America, AFL, or any other labor organization, to bargain collectively through representatives of their own choosing, to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, and to refrain from any or all such activities, except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment, as authorized in Section 8(a) (3) of the Act.